# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**RMCI, INC., a New Mexico corporation,**

        **Plaintiff,**

**v.**                                                    **CIV. No. 97-0005 JP/DJS**

**CITY OF ALBUQUERQUE,**

        **Defendant/Third-Party Plaintiff,**

**v.**

**THE UNITED STATES DEPARTMENT
OF TRANSPORTATION, et al.,**

        **Third-Party Defendants/Cross Defendants**,

**v.**

**NEW MEXICO STATE HIGHWAY AND
TRANSPORTATION DEPARTMENT, an
agency of the State of New Mexico,**

        **Third-Party Defendant/Cross Plaintiff.**

## MEMORANDUM OPINION AND ORDER

The subjects of this Memorandum Opinion and Order are (1) Plaintiff's Application for Attorney's Fees [Doc. No. 40], filed December 10, 1997; (2) Third-Party Plaintiff City of Albuquerque's Application for Attorney's Fees [Doc. No. 41], filed December 10, 1997; and (3) The New Mexico State Highway and Transportation Department's Crossclaim [Doc. No. 12], filed March 4, 1997.

A party requesting an award of attorney's fees under 42 U.S.C. § 1988 bears the burden of establishing both that it is entitled to such an award and that the requested fees are reasonable. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Plaintiff RMCI has presented only a bare request for fees in the amount of $11,495.26 without a supporting brief or affidavits. The Plaintiff has failed to meet its burden and its request for attorney's fees should be denied.

Third-party plaintiff City of Albuquerque's ("City's") request for attorney's fees should also be denied. The City's third-party complaint challenged the constitutionality of the application of a disadvantaged business enterprise goal to the Old Coors Drive project, alleging that the goal was arbitrary and capricious. However, this action was dismissed without a ruling on the issue on the constitutionality of the goal. Hence, the City cannot be considered a "prevailing party" on this claim. Furthermore, the City's third-party complaint was not made under any of the civil rights statutes enumerated in 42 U.S.C. § 1988. Without a specific statutory authorization for an award of fees, there is no basis on which to abrogate the "American Rule" that all parties bear their own costs.

In its cross claim against the United States Department of Transportation, the New Mexico State Highway and Transportation Department seeks indemnity for any attorney's fees it is required to pay to the City. Because neither the plaintiff nor the City will be awarded attorney's fees, the cross claim is moot.

2

It is therefore ORDERED that

(1)     Plaintiff's Application for Attorney's Fees [Doc. No. 40] is DENIED;

(2)     Third-Party Plaintiff City of Albuquerque's Application for Attorney's Fees [Doc. No. 41] is DENIED; and

(3)     The New Mexico State Highway and Transportation Department's Crossclaim [Doc. No. 12] is DISMISSED as moot.

_____
UNITED STATES DISTRICT JUDGE